BLANCHE, Judge.
This is a devolutive appeal taken by plaintiffs from the judgment of the trial court dismissing their suit for damages. Plaintiffs, Mr. and Mrs. Wallace Rodrigue, Jr., allege that while they were passengers in an automobile being driven by Grover Todd, defendant’s employee, Grover Todd negligently failed to maintain a proper lookout and was required to apply suddenly and forcefully the brakes of the automobile, thus throwing Mrs. Rodrigue, who was seated in the back seat of the automobile, against the back of the front seat. This alleged accident occurred on October 4, 1966, and as a result thereof, plaintiffs claim that Mrs. Rodrigue, who was seven months pregnant at the time, gave premature birth to plaintiffs’ minor daughter, Melissa Rod-rigue, on the following day, October 5, 1966. Our review of the record convinces us that the trial judge committed no manifest error in concluding that plaintiffs failed to prove by the requisite preponderance of the evidence the occurrence of the alleged accident and any actionable negligence on the part of defendant’s employee. We, accordingly, affirm the judgment dismissing plaintiffs’ suit.
The following excerpt from the trial judge’s Written Reasons for Judgment summarizes his findings of fact and evaluation of the credibility of plaintiffs’ testimony with regard to this crucial aspect of the case:
“The next issue for this Court to determine is: whether Todd was negligent in the manner he was driving his 1964 Renault automobile while the plaintiffs were passengers therein. To answer this question we must look to the testimony of Mr. and Mrs. Rodrigue who were the only witnesses with any knowledge of the alleged accident. Todd did not recall the incident.
“Mrs. Rodrigue stated that Todd had turned his head to talk to her just prior to a car stopping ahead of them. Her choice of words to Dr. Spence was that a car stopped suddenly in front of them and Todd applied his brakes.
“Mr. Rodrigue stated substantially the same thing, that Todd had turned to the rear to talk to Mrs. Rodrigue and while the driver was looking back a car stopped ahead of them and Todd jammed his brakes on and Mr. Rodrigue was thrown against the dashboard.

“Another element testified to by Mrs. Rodrigue that has caused this Court to entertain doubt as to the veracity of her testimony is her testimony concerning her posture in the back seat of the 1964 Renault automobile.
“Mrs. Rodrigue testifies that she was seated on the back seat, her two feet on the floor of the car and her knees straight ahead of her. Then, when the brakes of the automobile were applied her stomach hit the back of the front seat. This Court cannot accept or give any credence to this testimony, because what Mrs. Rodri-gue suggests is physically impossible. If she was seated as she testifies she was, her knees would have been against the back of the front seat and her stomach would have never reached the back of the front seat. The Renault automobile is very small, with sparce leg room between the rear seat and the back of the front seat. A person of Mrs. Rodrigue’s height would have had ample space to seat herself as she suggests, but her knees would have been either against the back of the front seat or little space to spare betwen [sic] her knees and the front seat. The Court necessarily concludes that Mrs. Rodrigue’s stomach did not hit the back of the front seat of the vehicle driven by Grover Todd.
“The testimony adduced by defendants show[s] that after the alleged incident plaintiffs borrowed money from the defendant on two other occasions. Firstly on January 24, 1967, plaintiff was loaned $212.43, and on March 7, 1967, plaintiff was loaned $468.00 by defendant, and at *626 no time was the incident of the near accident ever mentioned to any of the employees of the defendant. In fact, defendant was first apprised of the near accident when a letter addressed to it was recieved [sic] by Consolidated from Mr. Charley Shraeder, a local attorney in the first or second week of February, 1967.
“The fact that Todd, who was no longer employed by Consolidated at the time of the trial, did not recall the alleged near accident, the doubtful testimony of Mrs. Rodrigue as to her stomach hitting the back of the front seat and finally not having mentioned the incident to Consolidated after having had business dealings subsequent to the accident suggests to this Court that plaintiffs have not shown by a preponderance of the evidence that the near accident did in fact happen.” (Written Reasons for Judgment, Record, pp. 48, 49)
The trial judge also found it significant that Mrs. Rodrigue never mentioned the alleged accident to her treating physician and the physician who delivered the baby and took care of her following the delivery, Dr. Charles Spence, and the evidence shows that the first time Dr. Spence was apprised of any accident was on February 16, 1967, following a conversation which she had earlier that day with an attorney, and more than four months after the delivery of the baby. Dr. Spence admitted that he observed no bruises or other marks indicative of trauma received by Mrs. Rodrigue at the time of the delivery, nor did she at that time complain of any bruises or other injuries.
Considering the totality of the circumstances, we cannot say that the trial judge committed manifest error in refusing to give credence to plaintiffs’ testimony regarding the alleged accident and alleged negligence of defendant’s employee. The trial judge’s findings of fact, especially when based on a consideration of the credibility of witnesses, are entitled to great weight and should not be disturbed on appeal unless manifestly erroneous.
The judgment appealed from is affirmed, with all costs of this appeal assessed to plaintiffs.
Affirmed.